CITY OF ELKHART *v.* MINSER.

[No. 26,739.  Filed January 12, 1937.]

*Hawley O. Burke,* for appellant.

*Harman & Wider,* for appellee.

TREMAIN, C. J.—This is an appeal from a judgment of the Marshall Circuit Court ordering the appellant to reinstate the appellee to his former position as a fireman in the fire department of the city of Elkhart. The appellee has filed a petition to dismiss the appeal. The cause has been fully briefed, both upon the motion to dismiss and upon the merits.

The appellee was employed as a member of the fire department of said city until December 3, 1935, on which date he was suspended for violation of rule No. 6 promulgated by the department, which prohibited the wife of a fireman from engaging in any employment. Also, charges of misconduct were filed against him. A hearing was had before the board of public works and safety pursuant to Chapter 282, Acts 1935, amending Section 48-1605, Burns' Ann. St. 1933, §11478, Baldwin's 1934. The 1935 Act made provisions for filing charges against firemen and policemen and for a hearing before the board. This was done, and upon a hearing the appellee was discharged on December 17, 1935. On January 8, 1936, he filed a complaint against the city of Elkhart in the Elkhart Circuit Court, charging that for many years he had been continuously employed as a regular member of the fire department; that his services were satisfactory until he received notice from the chief of the fire department that he was discharged in December, 1935. The complaint alleged the nature of the charges filed against appellee, his hearing and discharge upon the ground that he was a married man whose wife was employed in a local factory in violation of said rule No. 6; that no evidence was introduced before the board

of any other violation of official duties, or conduct unbecoming a member of the fire department; that the order discharging him on the ground that his wife was employed was of no effect, null and void, and was "unlawful, arbitrary, unreasonable, capricious, corrupt, fraudulent, and was rendered in bad faith and in gross abuse" of the board's discretion. The prayer was that the court order the board to reinstate appellee to his position in the fire department, and for all other proper relief.

Upon filing the complaint a summons was issued, returnable January 20, 1936. The cause was venued on motion of appellant to the Marshall Circuit Court, where the issues were closed and the case tried by the court. A finding and judgment were entered for the appellee.

The finding of the court included a recital of many facts, among which the court found the allegations of the complaint to be true; that the plaintiff was duly employed as a first class fireman and a member of the fire department of the defendant, City of Elkhart; that he was suspended by the chief of that department, and, upon charges being filed against him, the plaintiff appeared before the board and a hearing was had; "that the only evidence introduced was to the effect that plaintiff was married and that his wife was employed as a director of personnel and office manager by a dress factory at the same time that plaintiff was acting as such fireman aforesaid"; that on June 19, 1935, the chief of the department notified appellee "that the Board of Public Works and Safety request, that the wife of a City Fireman shall not work or be employed at any occupation while such City Fireman is in the employ of the City"; that such order was not promulgated by the board of public works and safety, nor was a resolution adopted by that board promulgating said order, until

December 3, 1935, about the time the appellee was dismissed.

The court found that the order discharging the appellant was based solely upon the fact that his wife was working in violation of said order of June 19; that upon a statement of the record and facts, the rule concerning the wife's working was "void, illegal, made in gross abuse of discretion and capricious and a rule bearing no reasonable relation to plaintiff's fitness for holding his position as a fireman, and that his discharge was and is illegal and void." It was ordered by the court that the order of dismissal of the board of public works and safety of the city of Elkhart be set aside, and said board was ordered and directed to reinstate the appellee to his former position, and that the plaintiff recover costs.

The motion for a new trial, based upon the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law, was filed and overruled. The appeal was perfected, and the appellee has filed his petition asking that the appeal be dismissed for the reason that this court has no jurisdiction, because the statute provides that the judgment of the circuit court shall be final.

In support of the motion to dismiss the appellee cites and relies upon Chapter 282, Acts 1935 (§11478, Baldwin's Supp. 1935), which provides for a hearing before the board of public works and safety, pursuant to which statute the appellee was dismissed from the fire department. The statute provides that any member of the fire or police force "shall have the right to appeal to the circuit or superior court of the county"; that "such appeal shall be taken by such party filing in such court, within thirty days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of

the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff."

The Act provides that the city shall be named as the sole defendant and summons shall be issued, and the final judgment of the court shall be binding upon all parties and no further appeal therefrom shall be allowed. It is solely by virtue of this statute that appellee asks the court to dismiss the appeal.

While the act in question provides for an appeal from the board of public works and safety to the circuit court or superior court, also, it provides that a complaint shall be filed by the aggrieved party, a summons issued, and upon trial the court is authorized to issue an order of mandate directing the board to set aside, or modify any unauthorized order it may have theretofore made. The allegations of the complaint disclose facts sufficient to constitute a complaint for mandatory injunction, regardless of the statute in question. A reasonable construction of the statute is that it provides that orders, made or promulgated by the administrative board, may be ordered changed, modified, or abrogated upon proper complaint filed in the circuit or superior court. The action in itself is strictly of that class in which suits are commenced by complaint and summons, and not by appeal. Upon the trial the appellant, as a defense to the complaint, questioned the constitutionality of the Act, and contended that the trial court was without jurisdiction to hear the cause, upon the theory that the action was nothing more than an appeal from an administrative board and an attempt to delegate ministerial powers to the court. When either the question of the constitutionality of an act or the jurisdiction of the court is presented by the issues to the trial court, it does not lie within the power or authority delegated to the legislative branch of the state govern-

ment to declare that such questions may not be reviewed on appeal to this court.

The circuit court possessed jurisdiction to hear and determine this cause, and no reason appears why the losing party may not appeal to this court from such judgment. If the action filed in the Elkhart Circuit Court had been strictly an appeal from an order of the board of public works and safety, an administrative board possessing no judicial power, then the trial court would have been without jurisdiction of the proceeding. But this is an action in the nature of a mandatory injunction, commenced by complaint and summons. Authorities supporting this proposition are: *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596; *Shira* v. *State ex rel.* (1918), 187 Ind. 441, 119 N. E. 833; *Peden* v. *Board of Review of Cass County* (1935), 208 Ind. 215, 195 N. E. 87; *Roth* v. *State ex rel.* (1902), 158 Ind. 242, 63 N. E. 460; *City of Peru* v. *State ex rel.* (1935), 210 Ind. 668, 199 N. E. 151; *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65; *Hyde* v. *Board of Com'rs of Wells County* (1935), 209 Ind. 245, 198 N. E. 333.

These authorities recognize the rule that where an administrative board has made an order in itself illegal, or where fraud is shown, or that such order was made capriciously, or dishonestly, a court will entertain a suit to determine the legality of the order. The court will not undertake to control the discretion of such boards in making orders in the administration of the affairs of the state so long as the orders are not tainted with fraud, capriciousness, or illegality. The appellant asserts that the statute is null, void, and unconstitutional, and for this reason it is entitled to an appeal to this court to test the constitutionality of the Act. The constitutional question, duly presented to the trial court, is based upon the alleged violation of Article

3, which provides for three separate departments of government, and that the Act attempts to confer upon the court administrative duties which is not permissible. However, when it is alleged in a complaint that such acts are illegal, capricious, fraudulent, or trespass upon the civil rights of the citizens of the state, the courts will not hesitate to take cognizance thereof in an action properly commenced. In so doing the court is exercising a purely judicial power, unmixed with the administrative branch of the state government.

The appellant asserts that the judgment of the lower court should be reversed for the two reasons assigned in the motion for a new trial Appellant has not brought the evidence before the court by bill of exceptions or otherwise. This court is confronted with a complaint which states a cause of action and a finding and judgment rendered upon that complaint. The judgment cannot be overthrown on the ground that it was not sustained by sufficient facts when the facts are not brought before the court. Since the 1935 Act is not in conflict with Article 3 of the Constitution, and does not confer administrative duties upon the court, it cannot be condemned. It does provide the manner in which a discharged fireman or policeman may file an action in the court, making the city the sole defendant, and demand and recover a judgment for his reinstatement upon a proper showing. Appellant has presented no question showing that the judgment appealed from is contrary to law.

The motion to dismiss the appeal is overruled and the judgment is affirmed.