SLENTZ ET AL. v. CITY OF FORT WAYNE, INDIANA, BOARD OF PUBLIC WORKS ET AL.

[No. 29,096. Filed April 5, 1954.]

*James Forth, Chester A. Lincoln* and *James P. Murphy*, all of Fort Wayne, for appellants.

*Paul W. Philips*, City Attorney, *William F. McNagny*, Associate City Attorney, *Richard A. Smith*, *James R. Newkirk, Reed & Torborg, Newkirk, Keane & Kowalczyk*, all of Fort Wayne, for appellees.

BOBBITT, J.—The board of public works of the city of Fort Wayne, Indiana, pursuant to §97, ch. 129 of the Acts of 1905, being §48-2001, Burns' 1950 Replacement, adopted a declaratory resolution determining the necessity for the taking of certain described real estate owned by appellants for the use of the city water works. Concurrently therewith statutory notice was given to all property owners that on September 16, 1952, at nine o'clock A.M., CST, the board would hear objections and remonstrances to said resolution and consider its confirmance.

On the day of the hearing appellants filed their remonstrance and thereafter said declaratory resolution was fully and finally confirmed, and the city engineer instructed to prepare an assessment roll of benefits and damages.

On September 25, 1952, appellants and others filed in the Superior Court of Allen County an action which they denominated "Complaint for Appeal." To this complaint appellees filed separate demurrers which were sustained and judgment entered against plaintiffs-appellants accordingly. From the action of the trial court sustaining these demurrers this appeal is prosecuted.

The sole error assigned is the sustaining of appellees' separate demurrers.

Appellants-remonstrators are, by this action, seeking a court review of the action of the board of public works in confirming a declaratory resolution adopted under the provisions of said §48-2001, *supra*.

Said section, *inter alia*, provides that the action of the board in confirming, modifying or rescinding its declaratory resolution "shall be final and conclusive on all persons."

It is asserted (1) that the action of the board of public works is in violation of the rights of appellants as prescribed by Section 21 of Article I of the Constitution of the state of Indiana, and the Fifth and Fourteenth Amendments of the Constitution of the United States (2) that the provision of the statute making the action of the board in confirming, modifying or rescinding a resolution after hearing, as provided in the act, final and conclusive on all persons is in violation of Article I of Section 12 of the Constitution of Indiana.

When the question of the constitutionality of an act is presented to the trial court, the legislature may not prevent a review of such question on appeal to this court. *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 24, 5 N. E. 2d 501.

However, the court will not undertake to control the discretion of administrative boards so long as their actions are not illegal, capricious or fraudulent. *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. 2d 501, *supra; Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N. E. 2d 101.

There is no allegation that the action of the board of works in confirming the resolution was either capricious or fraudulent. If then the courts will interfere with the action of the board here in question, it must be because such action was illegal.

This presents three questions for determination:

*First:* It is asserted that the action of the board violates the Fifth Amendment to the United States Constitution. This amendment applies only to ■ the federal government and not to that of the several states. Therefore, the state statute here in question, even if it were in conflict with this amendment, would not, because of such conflict, be invalid. *Beard* v. *State* (1949), 227 Ind. 717, 726, 88 N. E. 2d 769; *Wright* v. *House* (1919), 188 Ind. 247, 252, 121 N. E. 433.

*Second:* Does said §48-2001, *supra,* deprive appellants of their property without due process of law in violation of Section 21 of Article I of the Indiana Constitution and the Fourteenth Amendment of the United States Constitution?

Section 48-2001, *supra,* provides the manner in which the board of public works of any city shall declare the necessity for appropriating or condemning for the use of such city, any property, real or personal. Section 48-2003, Burns' 1950 Replacement, provides for the assessment of damages and benefits with notice thereof to all persons affected. Section 48-2005, Burns' 1950 Replacement, provides for remonstrance as to awards of damages, for hearing before the board thereon, and for an appeal to the circuit or superior court by those who are "aggrieved by the decision of the board."

A question similar to that here presented was before the United States Supreme Court in *Bragg* v. *Weaver* (1919), 251 U. S. 57, 40 S. Ct. 62, 64 L. ed. 135, and at page 137 of 64 L. ed., it is said:

"The objection urged against the statute is that it makes no provision for affording the owner an opportunity to be heard respecting the necessity or expediency of the taking or the compensation to be paid.

"Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the 14th Amendment. (Citing authorities.)

"But it is essential to due process that the mode of determining the compensation be such as to afford the owner an opportunity to be heard. Among several admissible modes is that of causing the amount to be assessed by viewers, subject to an appeal to a court, carrying with it a right to have the matter determined upon a full trial."

However, the statute here in question makes provision for notice and hearing on the necessity of the ▮ appropriating or condemning, and an opportunity to be heard on the assessment of damages with the right of appeal to the courts from the determination of the amount of damages to be awarded, and comes clearly within the requirements of due process as laid down in *Bragg* v. *Weaver, supra.*

This court in *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965, considered §§97, 98, 99, 101 and 102 (Acts 1905, Ch. 129), the first one of which is here in question, as they related to the opening or vacating of streets and alleys. The question of due process was there raised as it is here, and at pages 460, 461, 186 Ind., this court said:

"The sections of the act to which we have referred provide for notice to all persons interested or who may be *injuriously* affected, and for a day when they may be heard concerning each step to be taken by the board, beginning with notice of the adoption of the resolution, down to the final action on the assessments or awards, and for an appeal to the circuit or superior court of the county by any party who may feel aggrieved by the board's ac-

tion. If, as appellant contends, this is an action for damages for property taken, or an invasion of his private right, then the act in question clearly gave him a remedy, and an opportunity to be heard before a tribunal vested with power or jurisdiction to determine his rights in the premises, and notice which the legislature has deemed sufficient. Under these circumstances we cannot say that the proceedings were not well within the principle required to constitute due process of law."

There, as here, the board followed the procedure provided by the statute.

In the Falender case we held that the act here in question clearly gave a remonstrator a remedy, notice which the legislature deemed sufficient, and an opportunity to be heard before a tribunal vested with power to determine his rights, and that such procedure constituted due process.

We can see no distinction between the rights involved under this statute in the opening of a street and the condemnation of land for a water works—both are authorized by the same section of the statute.

*Third:* Does said § 48-2001, *supra,* violate Article I, Section 12 of the Indiana Constitution which provides that all courts shall be open, and every man, for injury done to him in his person, property, or reputation shall have remedy by due course of law?

The necessity and expediency of taking property for public use is a legislative, and not a judicial, question. *Joslin Mfg. Co.* v. *Providence* (1923), 262 U. S. 668, 43 S. Ct. 684, 67 L. ed. 1167, 1175; *Rindge Co.* v. *Los Angeles County* (1923), 262 U. S. 700, 43 S. Ct. 689, 67 L. ed. 1186; *Guerrettaz* v. *Public Service Co. of Ind.* (1949), 227 Ind. 556, 87 N. E. 2d 721; *Lewis* v. *Bunnell* (1921), 190 Ind. 585, 131 N. E. 386; *Bass* v. *The City of Fort Wayne* (1890), 121 Ind. 389, 23 N. E. 259; *The Town of Rensselaer* v. *Leopold*

(1886), 106 Ind. 29, 5 N. E. 761; 29 C. J. S., Eminent Domain, § 89(b), p. 882.

The rule applicable here is ably stated in *Lewis* v. *Bunnell* (1921), 190 Ind. 585, 131 N. E. 386, *supra,* at p. 593, 190 Ind., as follows:

"So long as private property is taken only for public use, and the damage caused by taking it is compensated, the legislature has power to determine, either directly or through agencies chosen by it, when convenience or necessity requires that such property be taken, and what particular property shall be taken."

The statute[1] here vests discretion in the board of works and if, in its judgment, the ground sought to be condemned was necessary for the use of the city water works such board has the power to appropriate and condemn; *City of Lebanon* v. *Public Service Co. of Indiana* (1938), 214 Ind. 295, 14 N. E. 2d 719; and its judgment therein cannot be questioned or superseded by the judgment of the court; *Hallett* v. *Calvert* (1934), 207 Ind. 25, 27, 191 N. E. 77; and its action therein will not be disturbed by the courts except for fraud, capriciousness or illegality.

While it is not essential to due process that an appeal from a decision of an administrative board be provided at every step of the proceedings for the condemnation and taking of property for public purposes,[2] yet the legislature cannot deprive the courts of their inherent power to review such actions when they are infested with fraud, capriciousness or illegality.

The order of the board of public works here in question is subject to judicial review to determine (1)

1. Section 48-2001, Burns' 1950 Replacement.
2. Cf: *McKee et al.* v. *Hasler et al.* (1951), 229 Ind. 437, 98 N. E. 2d 657.

whether the board acted within the scope of its powers, (2) whether its action was fraudulent or capricious, or (3) whether such action was illegal; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 105, 26 N. E. 2d 399; but in the absence of any of these elements its action is final and binding on all persons affected thereby. Cf: *McKee et al.* v. *Hasler et al.* (1951), 229 Ind. 437, 98 N. E. 2d 657.

The words "final and conclusive" as used in §48-2001, *supra,* mean that when the necessity for the taking of property—which is the first step in the condemnation proceedings—has been properly and legally determined by the board of works, such action may not again be questioned at subsequent steps in the proceedings. We conclude that this provision does not presume to prohibit a review of such action on the grounds of fraud, capriciousness or illegality in an action properly brought in a court of competent jurisdiction.

In order for appellants' complaint to withstand a demurrer for failure to state facts sufficient to state a cause of action, it must state facts showing fraud, capriciousness or illegality in the action of the board of works in adopting and confirming the declaratory resolution under the provisions of § 48-2001, *supra.* This it fails to do. No acts of fraud or capriciousness are alleged, and for the reasons above stated no illegality is shown. Therefore, the trial court did not err in sustaining the separate demurrers of defendants-appellees, and its judgment must be affirmed.

Judgment affirmed.

Draper, C. J., and Emmert, J., concur.

Flanagan and Gilkison, JJ., not participating.

NOTE.—Reported in 118 N. E. 2d 484.