MILLS; CASTOR *v.* CITY OF WINCHESTER

[Nos. 18,937 and 18,938. Filed October 29, 1959. Rehearing denied January 21, 1960. Transfer denied March 3, 1960.]

398

*Merrill W. Nichols, Nichols & Nichols,* of Winchester, and *Wilbur F. Dassel,* of Evansville, for appellants.

*John T. Cook,* City Attorney, of Winchester, and *Russell E. Wise,* of Union City, for appellee.

COOPER, J.—These are appeals by Glen Mills and Forrest Castor, appellants herein, from a judgment rendered against them in Randolph Circuit Court on their separate complaints for an "appeal" and/or a judicial review of the action of the Board of Works and Safety of the City of Winchester, a city of the fifth class, in dismissing each as firemen of said city, pursuant to §48-6105, Burns' 1950 Replacement, and §48-6120c, Burns' 1950 Replacement. See also, Vol. 26, Indiana

Law Journal, p. 397, Vol. 28, pp. 1 to 31 and 293 to 333, Indiana Law Journal.

In discussing such appeals, our Supreme Court has said in the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, at 105, 26 N. E. 2d 399:

> "Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of an administrative body are subject to judicial review; and that they must be so to meet the requirements of due process. Such review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers; that substantial evidence supports the factual conclusions; and that its determination comports with the law applicable to the facts found." See also *Hansen* v. *Town of Highland* (1958), 237 Ind. 516, 147 N. E. 2d 221; *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 48 N. E. 2d 649; *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. 2d 501, 503.

The proper issues were made and thereafter the separate causes were consolidated in the trial court for trial purposes. Trial by the court. The court, after hearing the evidence, entered the following finding and judgment:

> "The Court having heretofore taken this matter under advisement, now finds for the defendant that the decision of the Board of Public Works and Safety should be in all things confirmed.
>
> "It is, therefore, considered, ordered and adjudged by the Court that the plaintiff take nothing by his complaint and that the costs of this proceeding, in the amount of $_____ be taxed against the plaintiff."

Thereafter, the appellants, each and severally, filed motions for a new trial and after the motions were over-

ruled, brought this appeal and assigned as error the overruling of their motions for a new trial.

Motion for a new trial asserts, in substance, that the decision and finding of the court were not sustained by sufficient evidence and are contrary to law.

The foregoing cases were submitted to the trial court under the provisions of §§48-6105 and 48-6120, Burns' 1950 Replacement. This statute authorizes a so-called appeal by the appellants from the action of the Board of Public Works and Safety of the City of Winchester in dismissing said parties as members of the fire department. See *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205.

The trial court on an "appeal," as in this cause, was exercising a purely judicial power to determine the legality of the Order made, and the further purpose of determining whether the Board acted within its legal jurisdiction. *City of Elkhart* v. *Minser, supra.*

Our Supreme Court has stated in the case of *State ex rel. Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 101 N. E. 2d 60:

"What is the province of a court when the review of an administrative order is sought? 'It must be conceded that it is the undoubted function of the court to determine the matter of jurisdiction, that is, the power of the administrative agency to decide the question which it has undertaken to decide. Jurisdiction is grounded on constitutional or statutory authority, the existence of which is always a judicial question.' *Warren* v. *Indiana Telephone Co., supra.*"

Sec. 48-6105, Burns', *supra,* provides, in part:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the

commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board. . . ."

Therefore, the Indiana law grants tenure status to members of the fire department by the first sentence of said section. (See *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544; *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596) and they can only be removed for causes set forth in the statute.

The removal of a fireman from the department is provided for by the second sentence of the foregoing section as follows:

> ". . . *They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the record of such board.*" (Our emphasis.)

Sec. 48-6120c, Burns', *supra,* relating to the removal of policemen and firemen of fifth-class cities, also provides:

> "On and after the effective date of this act (§§48-6120b, 48-6120c) firemen and policemen in cities of the fifth class shall be entitled to notice, hearing and right of review before either suspension or dismissal from the fire department or police department. . . ."

Our Supreme Court, in interpreting §48-6105, Burns', *supra,* in the case of *State* v. *Reichert* (1948), 226 Ind. 358, 363, 80 N. E. 2d 289, relative to the removal of a person coming under the Act, stated unequivocally:

". . . and can be removed from the force only after charges are filed and served upon him and a hearing held by the board of public safety."

Proceedings to remove a fireman from the fire department is both penal and remedial, and, of course, is in the nature of a civil action. The statutes applicable thereto must be strictly construed. *City of Ft. Wayne* v. *Bishop, supra.*

The procedural steps outlined in the foregoing paragraph are mandatory and establish conditions precedent which must be followed before a Board of Public Works and Safety has jurisdiction to remove a fireman for cause. This is necessary in order to afford the person sought to be dismissed with "due process" as guaranteed by both our State and Federal Constitutions.

The jurisdiction of the Board of Public Works and Safety of the City of Winchester, Indiana in such matters is not one of general jurisdiction; its jurisdiction and powers conferred by the foregoing statute are limited. Notice is one of the prerequisites compelled by the statute. "Where notice is one of the steps required, notice must be given at the time, in the manner and to the persons specified by the statute." *Perkins* v. *Indiana Mfg. Co.* (1915), 58 Ind. App. 220, 222, 108 N. E. 165.

The Supreme Court of Indiana in the case of *State Board Tax Comm.* v. *McDaniel* (1928), 199 Ind. 708, at 716, 160 N. E. 347, stated:

"Not only are the orders which it may make particularly described and limited, but the method of procedure which the board must pursue is plainly and unequivocally set forth in the law. Twice within recent years have the courts decided that the powers conferred upon the

board are limited by the statute (*State Board Tax Comm.* v. *Belt R., etc., Co.* (1921), 191 Ind. 282, 285, 130 N. E. 641; *Gray* v. *Foster* (1910), 46 Ind. App. 149, 92 N. E. 7) ; but it has also been decided by the courts that where the statute provides the procedure through which the board must proceed as a foundation for its orders, such prescribed procedure must be followed implicitly, and such procedure is a measure of the power given."

In the case at bar, the record shows conclusively that the Board of Public Works and Safety did not follow the procedure lawfully prescribed, but disregarded the statute pertaining to the notice of the hearing and of the charges attempted to be preferred.

The undisputed facts as shown by the record in the cause before us shows that on the first day of January, 1956, the appellants received the following letter (omitting the formal parts) from the Mayor of the city of Winchester. The record also reveals that this was the first day in office for the Mayor.

"I wish to inform you that after January 1, 1956, I will no longer need your services. By popular demand of Winchester citizenry, I have been asked to cut expenditures, and am doing this in best interest of all concerned.

"I wish to extend our deepest thanks and appreciation for your past services to Winchester, and wish you much success in the future. . . .

"P. S. If you are not in accord with *my decision,* you may appeal before the Board of Works no later than January 14, 1956." (Our emphasis.)

We cannot say as a matter of law that the foregoing notice was the written notice of the Board of Public Works and Safety of a time and a place of a hearing concerning the removal of the appellants from the fire department upon charges already filed. The letter was solely a letter of dismissal by the Mayor of the city,

as shown by the emphasized part of the post-script. Another unusual thing which appears from the record is the fact that, although the letter of dismissal by the Mayor was dated January 2, it was delivered on January 1.

The record further affirmatively reveals that without notice to either of the appellants, or without charges of any nature being preferred, the Board of Public Works and Safety held an emergency meeting on January 2, 1956, in which the appellants were removed. The minutes of said meeting, as certified to by the Clerk-Treasurer of said city, omitting the formal parts, read as follows:

*"EMERGENCY MEETING OF PUBLIC BOARD OF WORKS*

Monday, January 2, 1956

"The purpose of this meeting was to discuss the possibility of reducing the expenditures of the City of Winchester by reducing the number of regular Policemen and Regular Firemen and supplementing same with Special Auxiliary Policemen and Volunteer Firemen.

"The City Council of Winchester, Indiana in their first meeting, asked their Mayor Mr. Ralph M. West, Sr. to reduce expenses wherever possible in all Departments, under his supervision. Council explained there are several large financial problems which are facing the City of Winchester and is of the utmost necessity that expenses be reduced.

"The Board of Works carried on a discussion and heard evidence presented to them by Board Member Ralph M. West, Sr., who had previously discussed this matter with the individual Policemen and Firemen. Mr. West also discussed his investigation of the Police Headquarters and Police Equipment, of the fire Department and the Fire Equipment. The needs and protection of the City of Winchester.

"It was resolved by the Public Board of Works (all members concurring): the Fire Department

would be reduced by two members: Glenn Mills, and Forrest Castor, leaving four regular Firemen on the Fire Department.

*"Mr. Glenn Mills and Mr. Forrest Castor are being removed for the following reasons:*

"1.   Both Mr. Mills and Mr. Castor have physical handicaps which prevent them from executing all duties of a Regular Fireman.

"2.   Forrest Castor: as of a recent date, has been charged with the disobedience of orders. Orders were propounded to him by Chief Thornburg, Mr. Castor refused to execute such orders, and was insolent to his superior.

"3.   Mr. Mills is charged with neglect of duty. On his scheduled days off, he was reluctant to answer fire calls.

"4.   Mr. Mills is also charged with assuming supervisory duties which are not within the realm of his employment. He is charged with giving orders to other Firemen, over whom he has no supervision, with various other acts of a supervisory nature, which are not within his power.

"5.   Mr. Mills and Mr. Castor are charged with the inability to bring harmony in their association with the other Firemen. It is charged that both Mr. Mills and Mr. Castor have set themselves apart from the other Regular Firemen, and refused to cooperate with them in their work.

"6.   Mr. Mills has been charged with leaving the immediate vicinity of the Fire Station, knowing same could endanger the safety of the City of Winchester.

"SIGNED:

MAYOR RALPH M. WEST, SR.

JOHN T. COOK

RALPH L. DRILL

CLERK-TREASURER GLEN R. WALL

"CLERK-TREASURERS' CERTIFICATE

"STATE OF INDIANA,
RANDOLPH COUNTY, ss:

"I, Glenn R. Wall, the duly elected, qualified and acting Clerk-Treasurer of the City of Winchester, Randolph County, Indiana, do hereby certify that the foregoing transcript to which this certificate is attached, contains a full, true and complete copy of Emergency Meeting of the Public Board of Works which took place Monday, January 2, 1956, and also the findings of the Board of Works on the case of discharged Firemen, Glenn Mills and Forrest Castor.

"I further certify that these Minutes of the Emergency Meeting held Monday, January 2, 1956 have been on file, open to the public as of this date.

"IN WITNESS WHEREOF, I have hereunto set my hand and the official seal of the City of Winchester, Indiana, this 25 day of Feb., 1956." (Our emphasis.)

It appears from the above Clerk-Treasurer's Certificate that the minutes of the Board of Public Works and Safety were not filed, or spread of record until the date of said Certificate, namely, the 25th day of February, 1956.

It affirmatively appears from the record before us that the Board of Public Works and Safety, completely disregarding the statute under which it was acting, had a *quasi* star chamber session in the absence of the appellants—without notice—without having a sufficient written charge against the appellants duly entered upon its record, heard evidence and then adjudged the appellants guilty of offenses of which they had no notice or had not been charged, under the guise of reducing the membership of said Fire Department. We certainly could not, as a matter of law, condone such a practice.

In a situation such as this, neither this court nor the trial court, should have been concerned as to any evi-

dence introduced at the hearing before the Board of Public Works and Safety on January 14, 1956, which was a hearing requested by the appellants for the reason that the whole proceeding was void *ab initio* and necessarily contrary to law.

So far as this court is concerned, the illegality can only be removed by a hearing *de novo* by the Board of Public Works and Safety of the City of Winchester after proper charges have been preferred and spread of record, and after a reasonable and proper notice to the appellants given, as provided by law.

This action is in the nature of a mandatory injunction. *State ex rel. Felthoff* v. *Richards, supra; Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 119 N. E. 833; *Peden et al.* v. *Board of Review of Cass County* (1935), 208 Ind. 215, 195 N. E. 87; *Roth* v. *State, ex rel.* (1902), 158 Ind. 242, 63 N. E. 460; *City of Peru* v. *State ex rel. McGuire* (1936), 210 Ind. 668, 199 N. E. 151; *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65; *Hyde* v. *Board of Commissioners of Wells County* (1935), 209 Ind. 245, 198 N. E. 333.

Therefore, the judgment of the trial court is reversed with instructions to amend its judgment to conform with this opinion and to further order the Board of Public Works and Safety of the City of Winchester, Indiana, to reinstate each of the appellants as firemen.

Myers, P. J., Ax, J., Ryan, J., concur.

NOTE.—Reported in 162 N. E. 2d 97.