Florence E. KOZICKI, Plaintiff,

v.

The CITY OF CROWN POINT, INDIANA, and the Crown Point Board of Works and Public Safety, Defendants.

No. H 83–219.

United States District Court, N.D. Indiana, Hammond Division.

March 28, 1983.

Thomas K. Parry, Merrillville, Ind., for plaintiff.

Timothy R. Sendak, Crown Point, Ind., for defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING TEMPORARY RESTRAINING ORDER

KANNE, District Judge.

Plaintiff, Florence E. Kozicki, is a landowner in the City of Crown Point, Indiana. Defendants are The City of Crown Point and its Board of Public Works and Safety. The defendant city seeks to acquire a portion of plaintiff's land in the implementation of a project for the construction and installation of a sewer release system.

The plaintiff and defendants have been involved in negotiations with regard to this matter for some time. Shortly after March 14, 1983, plaintiff received from defendants a notice of condemnation of real estate.

The notice advised the plaintiff that the Board of Public Works and Safety had determined the value of the property in question to be $14,040.00 and that the Board would hear remonstrances regarding the amount of the award on March 30, 1983, at 1:30 P.M. Plaintiff alleges that the defendant is acting under authority of I.C. 32–11–1.5–1, et seq., an Indiana law setting forth eminent domain procedures for cities and towns.

Plaintiff seeks relief in federal court under 42 U.S.C. § 1983 alleging that defendants' action under I.C. 32–11–1.5–1, et seq., will deprive her of her Fourteenth Amendment right of due process. More specifically, plaintiff argues that the provisions of the foregoing eminent domain law "preclude Judicial Review of the reason behind the taking and preclude Appellate Review of the award of damages."

In accordance with Rule 65 of the Federal Rules of Civil Procedure plaintiff has petitioned this court for temporary restraining order and filed her application for preliminary injunction and declaratory relief.

Upon notice to the defendants, hearing was held on plaintiff's petition for temporary restraining order on March 24, 1983.

For the following reasons the court determines that there is little probability of the plaintiff prevailing on the merits and her motion for temporary restraining order will be denied.

■ When an Indiana city condemns land its condemning authority is given the option of proceeding either under I.C. 32–11–1–1, et seq., the general eminent domain act, or under I.C. 32–11–1.5–1, et seq., the eminent domain proceedings for cities and towns. See Vickery v. City of Carmel, Ind.App., 424 N.E.2d 147 (1981).

Under I.C. 32–11–1–1, et. seq., the general eminent domain act, condemnation proceedings are instituted by the condemning authority through the filing of a complaint with a trial court. The condemnation proceedings involve a trial court determination concerning the taking of the property and thereafter a determination as to the award of damages. The Indiana Rules of Procedure apply with regard to appellate review of the determinations made in the trial court.

Under I.C. 32–11–1.5–1, et seq., the eminent domain procedures for cities and towns, the condemnation proceedings involve an initial administrative determination. The condemning authority invokes a two-step process. The board first makes a determination with regard to the property to be condemned, provides notice to affected landowners and an opportunity for the landowners to object prior to a final con-

demnation decision. In the second step the condemning authority gives notice of the condemnation and the amount of the award to the affected landowner. The landowner then has an opportunity to object to the amount of the award. The scope and nature of judicial review of the administrative agency's action is the constitutional issue raised by the plaintiff.

If all the court had before it was the language contained in I.C. 32–11–1.5–7 and I.C. 32–11–1.5–8, the constitutionality of parts of those statutes would be in doubt. However, the Indiana Supreme Court has over the years given construction to the questionable provisions which have been a part of the statutory scheme since the Cities and Towns Act of 1905.

Tracing a history of those laws is necessary in understanding the statutory construction previously given to I.C. 32–11–1.5–7 and I.C. 32–11–1.5–8.

The specific statutory language which plaintiff alleges violates her due process rights states, in part, as follows:

A person remonstrating in writing who is aggrieved by the decision of the works board may, within twenty (20) days, take an appeal to the circuit of superior court in the county in which the municipality is located. *The appeal affects only the assessment or award of the person appealing* (emphasis added). [I.C. 32–11–1.5–7.] The court shall rehear the matter of the assessment de novo and confirm, lower, or increase the assessment. ... *The judgment of the court is conclusive, and no appeal may be taken* (emphasis added). [I.C. 32–11–1.5–8.]

Although the reorganization, codification and recodification of Indiana laws has clouded the trail of the statutes in question, the foregoing language has continued virtually unchanged since its original enactment in 1905. [1905 Ind. Acts, ch. 129, § 101, p. 219.]

Thus, what was formerly Burns Ann. Statutes §§ 48–2005 and 48–2006 (and the predecessor Revised Statutes §§ 10355 and 10356) read, in part, as follows:

Any person thus remonstrating in writing who is aggrieved by the decision of the board may, within twenty [20] days thereafter, take an appeal to the circuit or superior court in the county in which the city is located. *Such appeal shall affect only the assessment or award of the person appealing* (emphasis added). [Burns Ann.Stat. § 42–2005.] Such court shall rehear the matter of such assessment de novo, and confirm, lower or increase the same as may seem just. ... *The judgment of such court shall be final, and no appeal shall lie therefrom* ... (emphasis added). [Burns Ann.Stat. § 42–2006.]

Then, upon the official codification of Indiana's laws in 1971, Burns Ann. Stat. §§ 48–2005 and 48–2006 became I.C. 18–1–7–6 and 18–1–7–7 which read, in part, as follows:

Any person thus remonstrating in writing who is aggrieved by a decision of the board may, within twenty [20] days thereafter, take an appeal to the circuit or superior court in the county in which said city is located. *Such appeal shall affect only the assessment or award of the person appealing* (emphasis added). [I.C. 18–1–7–6.] Such court shall rehear the matter of such assessment de novo, and confirm, lower or increase the same as may seem just. ... *The judgment of such court shall be final, and no appeal shall lie therefrom* ... (emphasis added). [I.C. 18–1–7–7.]

The Indiana Acts of 1980, P.L. 8, § 145, brought into being I.C. 32–11–1.5–1, *et seq.* At the same time I.C. 18–1–7–1, *et seq.*, was repealed. Section 182 of the Act of 1980, P.L. 8, provided, in part, that the new act was "intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by the act. If this act repeals and replaces a law of the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted."

Earlier, in 1954, the Indiana Supreme Court was confronted with virtually the

same issue plaintiff raises here. That is, did § 48–2005 of Burns Annotated Statutes (now I.C. 32–11–1.5–7) violate the Fourteenth Amendment of the United States Constitution. *Slentz v. City of Fort Wayne,* 233 Ind. 226, 118 N.E.2d 484 (1954). The state Supreme Court in the *Slentz* case at page 487 stated:

> The statute here in question makes provision for notice and hearing on the necessity of appropriating or condemning, and an opportunity to be heard on the assessment of damages with the right of appeal to the courts from the determination of the amount of damages to be awarded, and comes clearly within the requirements of due process as laid down in *Bragg v. Weaver,* [251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135 (1919)].

The court went on further to say at page 488:

> The statute here vests discretion in the Board of Works and if, in its judgment, the ground sought to be condemned was necessary for the use of the City Waterworks such Board has the power to appropriate and condemn; and its judgment therein cannot be questioned or superseded by the judgment of the court; and its action therein will not be disturbed by the court except for fraud, capriciousness or illegality (citations and footnote omitted).

With regard to the issue of what judicial review was available under the statute the court stated:

> [T]he legislature cannot deprive the courts of their inherent power to review such actions when they are infested with fraud, capriciousness or illegality.
> The order of the Board of Public Works here in question is subject to judicial review to determine (1) whether the Board acted within the scope of its powers, (2) whether its action was fraudulent or capricious, or (3) whether such action was illegal; but in the absence of any of these elements its action is final and binding on all persons affected thereby (citations omitted).

The following interpretation of the statute was then given:

> We conclude that this provision does not presume to prohibit a review of such action on the grounds of fraud, capriciousness or illegality in an action properly brought in a court of competent jurisdiction (emphasis added).

 The Indiana Supreme Court has further determined that a reenactment of a statute which has previously been judicially construed is deemed to be a legislative adoption of such construction. *City of Indianapolis v. Schmid,* 251 Ind. 147, 240 N.E.2d 66, (1968).

 The Indiana Supreme Court has consistently held that statutes which purport to limit a party's right to an appeal from a trial court are unconstitutional.

In *City of South Bend v. Whitcomb & Keller, Inc.,* 224 Ind. 99, 64 N.E.2d 580 (1946), the Board of Public Works and Safety of the City of South Bend pursued condemnation proceedings against a landowner under Burns § 48–2001, *et seq.* The landowner ultimately sought an appeal from the trial court. The city urged dismissal of the appeal on the grounds that the operative statute did not permit appeals from the trial court. The Indiana Supreme Court in addressing the city's argument in the *South Bend* case stated simply: *"The General Assembly was without power to take from this court its constitutional appellate jurisdiction."* (Emphasis added) *See Also: City of Indianapolis v. John Clark, Inc.,* 245 Ind. 628, 196 N.E.2d 896 (1964), 900 n. 2; *Warren v. Indiana Telephone Company,* 217 Ind. 93, 26 N.E.2d 399 (1940); 11 *Ind. Law Encyc.,* Eminent Domain § 120.

The Indiana Supreme Court in *City of Indianapolis v. John Clark, Inc., id.,* restated a principle of judicial interpretation applicable to this case. In reviewing a condemnation statute, which contained an unconstitutional provision purporting to limit the right to appeal the decisions of a trial court, the state Supreme Court said:

> Where the provisions of an act are severable, so that one provision which is declared unconstitutional can be deleted

without destroying the general purpose or effectiveness of the act, the remaining portions will be upheld as valid.

In light of the construction given to the statutes in question and the severability of any language denying an appeal from the trial court, it does not seem probable that the plaintiff would be able to prevail in her claim that her rights under the Fourteenth Amendment would be abrogated if the defendant proceeded under I.C. 32–11–1.5–1, *et seq.*

IT IS THEREFORE ORDERED that plaintiff's motion for temporary restraining order is hereby OVERRULED and DENIED.