Steve McDANIEL, Appellant–Plaintiff,

v.

**CITY OF EVANSVILLE,**
Appellee–Defendant.

No. 82A01–9207–CV–215.

Court of Appeals of Indiana,
First District.

Dec. 21, 1992.

Transfer Denied March 2, 1993.

Glenn A. Grampp, Evansville, for appellant-plaintiff.

Malcolm S. Gwinn, Evansville, for appellee-defendant.

BAKER, Judge.

On March 12, 1988, plaintiff-appellant Steve McDaniel and his friend and co-worker David Gulledge became embroiled in an argument with two other patrons at an Evansville tavern. McDaniel and Gulledge, both local policemen, were off-duty at the time. After following his adversary outside, McDaniel beat and then arrested one of the two men. The man tried to flee, fell, and was again beaten into submission by

McDaniel. After the arrest, McDaniel doctored the probable cause affidavit.

A criminal investigation of the incident led to McDaniel being charged with battery, perjury, and obstruction of justice. The Evansville Police Merit Commission suspended McDaniel without pay pending the resolution of these charges. Eight months later, on December 14, 1988, McDaniel pled guilty to the battery and obstructing justice charges.

The Merit Commission informed McDaniel it would conduct a hearing concerning whether his actions required disciplinary action. Following the hearing the Merit Commission suspended McDaniel from the Evansville Police Department for one year, reduced his rank to patrolman, and imposed a period of "reckoning." The Merit Commission refused McDaniel's request that the eight-month period he had already been suspended without pay be applied to the one year suspension just imposed.

McDaniel appealed the Merit Commission's decision to the trial court, which, after concluding 1) the Merit Commission had jurisdiction to act as it did, 2) McDaniel was afforded all process due him, and 3) the punishment imposed was lawful, affirmed the Merit Commission's determination. McDaniel appeals the trial court's affirmance, raising the following allegations of error:

I. Whether sufficient evidence justified the Merit Commission's imposition of punishment.

II. Whether the Merit Commission wrongfully denied McDaniel compensation for the eight-month period he was suspended from duty prior to the Merit Commission's ruling.

III. Whether the Merit Commission's decision was unlawful because another police officer received a milder punishment.

IV. Whether the Merit Commission impermissibly imposed a "period of reckoning."

## DISCUSSION AND DECISION

### I

IND.CODE 36–8–3–4(b) provides that a police officer may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon a showing that the officer has been convicted in any court of any crime, or upon neglect of duty, a violation of rules, disobedience, incapacity, absence without leave, immorality, and several other specified grounds.

The Merit Commission listed five grounds for imposing punishment upon McDaniel; one of these grounds was that McDaniel had been convicted of a crime. McDaniel concedes sufficient evidence was presented to justify imposition of sanctions based upon his two convictions; instead, he argues insufficient evidence supports the Merit Commission's four remaining grounds for imposing punishment.

■ Even if McDaniel's contention is correct, the fact remains that he was convicted of battery and obstruction and that each conviction, standing alone, was sufficient to justify disciplinary action under IND.CODE 36–8–3–4(b). The trial court correctly determined sufficient evidence justified the Merit Commission's imposition of punishment.

For the same reasons, we need not address McDaniel's contention that the Merit Commission relied on evidence outside the record in concluding McDaniel was subject to punishment under the statute. Reliance on McDaniel's convictions, evidence of which is indisputably in the record, is enough to warrant suspension and demotion.

### II

Upon learning of the criminal allegations levelled against McDaniel, the Merit Commission suspended him without pay. Upon completion of the criminal proceedings eight months later, McDaniel was reinstated pending the Merit Commission's hearing. After the hearing, the Merit Commission demoted McDaniel and suspended him for one year. McDaniel immediately asked the Merit Commission to apply the eight-month suspension period already served to the one-year period imposed after the hearing. The Merit Commission refused.

McDaniel contends the eight months during which he was suspended pending the

criminal investigation must be credited against the one-year suspension the Merit Commission imposed following its own investigation, and that the failure to credit resulted in him receiving a punishment greater than that ordered by the Merit Commission.

The Merit Commission did not act outside the scope of its authority by refusing to credit McDaniel with the eight-month period McDaniel served pending the criminal proceedings and prior to the Merit Commission's hearing. It is undisputed the Merit Commission has the power to suspend police officers with or without pay. It is also undisputed the Merit Commission could have imposed a suspension longer than the one McDaniel ultimately received. Although it certainly could have done otherwise, the Merit Commission refused to credit McDaniel with the eight months McDaniel was suspended pending the criminal proceedings. The Merit Commission simply exercised the discretion vested it as an administrative body.

Because the Merit Commission expressly rejected McDaniel's request to have the eight-month period credited, it is plain the Merit Commission did not impose a punishment greater than the one it intended.[1]

### III

McDaniel next argues the Merit Commission erred by imposing a punishment upon him that was far greater than punishment imposed upon similarly situated officers. He observes Officer Gulledge received only a four and one-half day suspension and that other police officers previously convicted of battery received less than a one-year suspension.

1. To the extent McDaniel argues the better practice is for the Merit Commission to issue an order specifically addressing the issue of "time served," as it were, we agree. Because the question is bound to arise, the Merit Commission could conserve valuable resources by either creating a policy, or, if one already exists, by making the policy known to those individuals, like McDaniel, whom the Merit Commission disciplines. Even if the Merit Commission decides it is wiser to have no hard and fast rule regarding whether to apply pre-hearing suspension time to post-hearing disciplinary action, all parties would be better served if the Merit Commission

■ "The discipline of police officers is within the province of the executive branch of government, not the judicial [branch.]" *City of Gary v. Gause* (1974), 162 Ind.App. 97, 104, 317 N.E.2d 887, 891. For this reason, we will not substitute our judgment for that of the administrative body when no compelling circumstances are present. "If the courts may exercise discretion and fix the punishment and regulate a police department, the Commission would become merely an advisory board to be dominated in its administrative action by [the judiciary]." *City of Portage v. Rogness* (1983), Ind.App., 450 N.E.2d 533, 536, *trans. denied.*

■ Here, the Merit Commission, after considerable thought, determined suspension and demotion were appropriate punishments for McDaniel. That Officer Gulledge received a comparatively mild punishment is of no moment because, contrary to McDaniel's assertion, the two men did not engage in identical conduct. Gulledge did not severely batter a tavern patron and Gulledge was neither charged with nor convicted of battery. Neither did Gulledge doctor the paperwork.[2] The Merit Commission clearly acted within the bounds of reason when it imposed different punishments upon each officer. McDaniel's suspension and demotion being lawful, the trial court did not err in affirming the Merit Commission's order.

### IV

Finally, McDaniel argues the Merit Commission had no authority to impose a period of reckoning.

■ As McDaniel notes, the record contains no explanation of what a reckoning

recited, on the record, the decision it reached. Here, of course, the Merit Commission did address the issue, but only after McDaniel specifically asked the Commission to clarify its intent.

2. The record suggests Officer Gulledge officially received his four and one-half day suspension for his failure to complete the paperwork in a timely fashion. *Record* at 612. It seems Officer Gulledge did not complete the paperwork because McDaniel told him it would be taken care of later. *Record* at 199.

period is and certainly the City offers no explanation to help us. We cannot effectively resolve disputes concerning the propriety of a reckoning period if we do not know what a reckoning period is. We therefore remand the reckoning period issue to the Merit Commission with instructions to clarify its intent. We remind the Merit Commission that administrative bodies like itself may impose only those disciplinary measures sanctioned by the enabling statute. *Mills v. City of Winchester* (1959), 130 Ind.App. 397, 162 N.E.2d 97. Neither IND.CODE 36–8–3–4 nor any other enabling statute of which we are aware authorizes a "reckoning period." If the nature of the reckoning period is inconsistent with the sanctions authorized by statute, the Merit Commission would be without power to impose it. At this point, however, we are in no position to determine the propriety of the Merit Commission's imposition of a reckoning period.

Affirmed and remanded.

ROBERTSON and CONOVER, JJ., concur.