LLOYD ET AL. *v*. CITY OF GARY.

[No. 27,083. Filed December 19, 1938.]

*Richard S. Kaplan* and *J. Edwin Smith,* for appellants.

*Harry Long, Fred Eichhorn, J. M. Ruberto,* and *H. A. Englander,* for appellee.

FANSLER, J.—This is an appeal from a judgment denying relief under a complaint which sought to mandate the Board of Public Works and Safety of the City of Gary to reinstate the appellants as police officers.

The complaint was filed, and the action begun, under section 48-6105 Burns' Ann. St. 1933, section 11478 Baldwin's Ind. St. 1934, as amended by chapter 282 of the Acts of 1935 (Acts 1935, p. 1395).

It appears from the complaint that the appellants, policemen on the Gary police force, shot and killed a colored man, who seems to have been guilty of no law violation; that charges were preferred against them before the Board of Public Works and Safety; that they were notified of the time and place of hearing; that there was a hearing and a finding by the board, which recited, among other things, that: "From the evidence produced at this hearing the board comes to the conclusion that Officers Albert I. Lichtenfeld and Cecil M. Lloyd, in endeavoring to question Jack McClure on June 15, 1937, failed to exercise the judgment or caution of prudent police officers; that there was no evidence that Jack

McClure had committed any crime or that there was any reasonable ground to suspect that he had committed a crime; that they were not exposed to such bodily harm as would warrant the action taken by them; further that they were unduly negligent and inefficient in carrying out their duties which resulted in the death of said McClure; and, therefore, it is hereby ordered and decreed that said officers Albert I. Lichtenfeld and Cecil M. Lloyd be hereby dismissed from the police force of the city of Gary."

Upon the issues being formed in the Superior Court, the appellants asked for a jury pursuant to the terms of the statute in question. A jury was impaneled and evidence was heard. Appellants, in their brief, set out testimony from which it appears beyond any controversy that there was substantial evidence adduced before the Board of Public Works and Safety to the effect that the man who was killed was on the sidewalk, in a place where he had a right to be; that he had a small penknife in his hands, cleaning his finger nails; that the officers stopped him, presumably on suspicion, and ordered him to drop the knife, and that, when he did not do so immediately, the appellant Lloyd kicked the knife out of his hand and struck him; that the deceased struck back at Lloyd and advanced toward him; that Lloyd backed away; and that both officers shot a total of four shots, one of which killed the deceased.

It is unnecessary to go into further detail, except to say that the appellants' complaint alleges, concerning the decision of the Board of Public Works and Safety, among other things: "That thereafter, notwithstanding the conflicting testimony, in direct violation of the constitutional rights of your petitioners herein, refusing to allow your petitioners the benefit of the doubt, . . ." they were removed. It also appears by the complaint that there was a coroner's inquest concerning the killing. It is

recited in the complaint that the coroner's verdict recites: "That the evidence brought forth at the Inquest, which bears upon the justifiability of the shooting of the deceased by the officers, is very conflicting," and left the verdict open. It also appears that there was a grand jury investigation, but no indictment.

Error is predicated upon the overruling of appellants' motion for new trial.

Their contentions are based, it would seem, entirely upon the view that the statute in question provides for a trial *de novo*, a trial anew, of the questions which were tried by the Board of Public Works and Safety; that the cause should have been submitted to a jury; and that the jury should have decided the questions that were decided by the Board of Public Works and Safety in the same manner as in the original hearing.

This view is not supported by the authorities. In *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. (2d) 501, 503, it is held that the so-called appeal to the circuit or superior court is in the nature of an action for a mandatory injunction; that the purpose of the action is to determine the legality of the order made by the Board of Public Works and Safety; that: "The court will not undertake to control the discretion of such boards in making orders in the administration of the affairs of the state so long as the orders are not tainted with fraud, capriciousness, or illegality." The Board of Public Works and Safety acts ministerially in determining the questions presented by the charges preferred. The court, on the so-called appeal, which it is noted is commenced by a complaint, acts judicially for the purpose of determining whether the ministerial board acted within its legal jurisdiction.

When it appears to the court that the evidence before the ministerial board was conflicting, and this is con-

ceded by the appellants' complaint in this case, and that there was substantial evidence before the ministerial body justifying its action, there is no illegality, and the determination of the ministerial body should not be disturbed. *School City of Peru et al.* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N. E. (2d) 176.

The appellants contend that the trial court must have treated the statute in question as unconstitutional, since the hearing in the court was confined to a question of the legality of the action of the Board of Public Works and Safety. But, as pointed out in the decision above referred to, any other construction of the statute would have rendered it unconstitutional.

The statute provides that a jury trial may be requested. It is difficult to understand what the verdict of the jury in such an action would be. The issues present questions of law only, and a jury could serve no useful purpose except to act in an advisory capacity upon some question of controverted fact that might arise in equitable cases triable by the court, as provided for in section 2-1204 Burns' Ann. St. 1933, section 186 Baldwin's Ind. St. 1934. If it was the purpose of the act under which this proceeding is brought to provide for the trial of a cause that was of equitable jurisdiction prior to the 18th day of June, 1852, by a jury, the provision is in conflict with the general law. Section 2-1204 Burns' Ann. St. 1933, section 186 Baldwin's Ind. St. 1934, *supra*. It is entitled, "An Act concerning municipal corporations" (Acts 1905, ch. 129, p. 219). This title is not broad enough to suggest an amendment to the Civil Code with respect to jury trials, and the statute cannot be reasonably interpreted as indicating a legislative intention that questions of law are to be submitted to a jury.

The appellants complain of the court's refusal to ad-

mit certain evidence. The contention is upon the theory that the jury was to try the case as though it were a criminal case and determine the question of guilt or innocence. If the evidence offered had been admitted it could not have changed the result.

Judgment affirmed.