### ZELLERS ET AL. *v.* CITY OF SOUTH BEND.

[No. 27,860. Filed May 20, 1943.]

*Harry Taylor* and *Samuel Schulman,* both of South Bend, for appellants.

*Nathan Levy* and *Joseph A. Roper,* both of South Bend, for appellee.

O'MALLEY, J.—The appellants, former police officers of the City of South Bend, Indiana, were charged with conducting themselves in a manner unbecoming to officers and gentlemen. The charges were in writing and filed with the board of public works and safety of said city. The hearing was had and after its conclusion the appellants were found guilty as charged and were dismissed.

Within thirty days the appellants filed their complaint in the St. Joseph Superior Court, under § 48-6105, Burns' 1933, § 11478, Baldwin's 1934, as amended by chapter 282 of the Acts of 1935, page 1395. On motion the venue was changed to the Elkhart Superior Court and the action of the board of public works and safety was reviewed, and at the conclusion of the trial or review, the court affirmed the action of the board of public works and safety. Within the statutory ten days the appellants filed a motion for rehearing on the ground "that the finding of the court herein is not sustained by sufficient evidence." That motion was overruled and an appeal prayed and granted.

The assigned error is based upon the overruling of the motion for rehearing, and that the court erred in rendering judgment against appellants. This latter assignment raises no question.

Although the appellants assert five propositions in their brief, the first four have to do with claimed antecedent error of the board and have nothing to do with the single assignment "that the finding of the court is not sustained by sufficient evidence," and under the rules of this court, regardless of their merit or lack of merit, they cannot be considered. Rule 2-17.

The board of public works and safety of a city in determining questions presented by charges against

employees acts in a ministerial capacity and as ■ a fact-finding board. *Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 703, 17 N. E. (2d) 836, 838.

In *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. (2d) 501, 503, this court said:

"The court will not undertake to control the discretion of such boards in making orders in the administration of the affairs of the state so long as the orders are not tainted with fraud, capriciousness, or illegality."

The court on review merely determines whether or not the board acted within its legal jurisdiction.

The above case involved a city fireman, but the principle announced in that case is equally applicable where a policeman's rights are involved, as in the instant case. In fact, it has been held that the same rule applies to administrative boards generally, such as the board of public works and safety, public service commission and similar boards. *School City of Peru* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 267, 7 N. E. (2d) 176, 181.

The charges against appellants are based on one of the reasons given in the statute for which the board ■ may punish the offending party by reprimand, forfeiture, suspension without pay, dismissal or by reducing him or her to a lower grade and pay.

The evidence is conflicting and this court cannot weigh the evidence or substitute its judgment for that of the board. There is substantial evidence from which the board could have found that the appellants were guilty of the charges filed against them. No fraud, capriciousness or illegality is shown. Therefore the judgment is affirmed.

NOTE.—Reported in 48 N. E. (2d) 816.