## CITY OF ANDERSON *v.* HADLEY.

[No. 18,154. Filed December 13, 1951.]

*Philip B. O'Neill,* City Attorney of the City of Anderson; and *Philip F. Welsh* (of counsel), of Anderson, for appellant.

*Johnson, Steward & Austin,* of Anderson, for appellee.

ROYSE, J.—For several years prior to December 5, 1949 appellee was a member of the Police Department of the City of Anderson, Indiana. On the 9th day of November, 1949, charges were filed against said appellee with the Board of Safety of said City. The charges against him were as follows:

"YOU ARE HEREBY NOTIFIED THAT as a police officer, you are charged with the following:
1. Disobedience of orders.
2. Conduct injurious to the public peace or welfare.
3. Conduct unbecoming an officer.

"Under the item of 'disobedience of orders' you are charged with making use of unnecessary force and violence in dealing with one William Crawford, on the 7th day of November, 1949, at about 9:30 P.M., both in the home of said named person and in the city building of Anderson, Indiana. (Reference is made to Rule No. 32 of the 'Rules and Regulations governing the Police Department of the city of Anderson).

"Also you are charged with assault and assault and battery upon the person of the above named Crawford, without cause, which conduct is alleged to be *injuries* to the public peace and welfare, and is also alleged to be unbecoming a police officer in the city of Anderson.

"Also, under the item of 'conduct unbecoming an officer' you are charged that on November 8, 1949, after an informal appearance by you before the Board of Safety, that you addressed three colored persons who were disinterested in the matter, as 'black sons of bitches'.

"YOU ARE HEREBY FURTHER *NOTICIED* to appear before the Board of Safety of the city of Anderson, Indiana, at its offices in the City Building on Monday, November 14th, 1949, at 7:30 o'clock P. M., to explain or defend against the above charges."

After a hearing on said charges the Board of Safety discharged appellee from the police force of said city.

Pursuant to §48-6105, Burns' 1946 Replacement, appellee brought this action in the Madison Circuit Court to set aside and vacate the Board's order of dismissal and for his reinstatement as a member of said Police Department. After a hearing that court entered its judgment modifying the order of the Board of Safety to a suspension for five days and reinstatement of appellee as a member of the Police Department. From that judgment appellant has appealed to this court. The assignment of error here is the overruling of appellant's motion for a new trial. The specifications of that motion presented to us are, that the decision is not sustained by sufficient evidence and is contrary to law.

In the trial court and here one of the principal contentions of appellee is that he did not receive a fair and impartial trial before the Board which he asserts was prejudiced against him and refused to consider material testimony which was introduced at the hearing before the Board. In support of this contention he asserts that at an informal meeting of the Board held November 8th before charges were filed against him, the chairman of the Board, with the acquiescence of other members of the Board, told him he was fired and discharged. He further says another member of the Board, after the meeting of November 8th, told a fellow police officer—"We are going to fire Hadley."

In the case of *State ex rel. Szweda* v. *Davies et al.* (1926), 198 Ind. 30, 38, 152 N. E. 174, in rejecting the same contention made here, the Supreme Court said:

"The statute defining the powers and duties of the Board of Public Safety provides that 'such commissioners shall act only as a board, and no member thereof shall have power to bind the board, or the city, except pursuant to a resolution entered in the records of the board authorizing him to act in that behalf as its authorized agent.' §10862

Burns 1926, §8780 Burns 1914, §159, Acts 1905 p. 219, 338. And there is no provision whatever in the law for affording an accused member of the police force a change of venue from the board or from any members of the board on account of bias or prejudice. The common-law rule that nobody may be a judge in his own cause does not apply where the members of the board of public safety are performing their official duties in deciding, as between a patrolman and the city they represent, the question whether or not charges against him of incompetency and neglect of duty are sustained and he shall be dismissed, or whether they are unproved and he may remain in the service and on the payroll of the city. The evidence indicating that before the hearing individual members of the board of public safety had expressed the belief that relator was guilty of the charges against him was properly rejected, as not being pertinent to the issue whether or not mandamus would lie to compel the reinstatement of relator by the members of the board, as constituting performance 'of an act which the law specifically enjoins or a duty resulting from their office,' which was the only cause of action outlined in his complaint on which the issue was joined."

In the case of *School City of Peru* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 267, 9 N. E. 2d 80, in approving the last cited case, the Supreme Court said:

"The appellee has made complaint upon the ground that the charges preferred against him were made by the board of trustees; that one member of the board had stated that he had been elected for the purpose of getting rid of the appellee, that the appellee had been there too long. These reasons are wholly insufficient to give the court jurisdiction, nor do they amount to charges of fraud. The statute does not specify by whom the charges shall be filed. Such statements do not show that the board acted capriciously, arbitrarily, or illegally."

Appellee further contends in support of the judgment of the trial court "That it is the law that if there be any evidence to sustain the finding, decision and judgment of the trial court, this court will look to favorable evidence of the appellee to sustain the judgment of that court and will not weigh such evidence, nor conflicting evidence, and will consider only evidence most favorable to appellee." This rule does not apply in actions of this kind. In this case the trial court was without authority to modify or change the order of the board unless its action was tainted with fraud, capriciousness or illegality. *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. 2d 501, 503. Where there is substantial evidence before the board to sustain its action, the trial court may not substitute its judgment for that of the board. *School City of Peru* v. *State ex rel. Youngblood, supra; Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 704, 17 N. E. 2d 836.

The rules announced by the Supreme Court in the aforementioned cases are binding on this court.

While there was a conflict in the evidence heard by the board in this case, there was substantial evidence to sustain its order discharging appellee. Therefore, the trial court erred in its order modifying the action of the Board.

Judgment reversed, with instructions for further proceedings in accord with the views herein expressed.

Achor, J., not participating.

NOTE.—Reported in 102 N. E. 2d 385.