WIEBKE *v.* CITY OF FORT WAYNE

[No. 370A39. Filed November 4, 1970. Rehearing denied December 1, 1970. Transfer denied March 3, 1971.]

*Charles R. LeMaster, Kenneth M. Waterman,* of Fort Wayne, for appellant.

*J. Robert Arnold,* of Fort Wayne, for appellee.

SHARP, J.—This is a review of proceedings before the Board of Safety of Fort Wayne resulting in the dismissal of Appellant Max P. Wiebke as a police officer of the Fort Wayne Police Department. The charges made in the disciplinary proceedings against the Appellant were:

"COUNT I

Officer Max P. Wiebke is hereby charged with conduct unbecoming a police officer in violation of Disciplinary Rule No. 2 of the Police Department of the City of Fort Wayne in the following particulars:

A.   Officer Wiebke appeared in public in an intoxicated condition at the corner of Calhoun and Dunbar Streets in the City of Fort Wayne at or about 5:30 P.M. on December 5, 1966 contrary to the statutes of the State of Indiana.

B.   Officer Wiebke drove a motor vehicle while intoxicated at the corner of Calhoun and Dunbar Streets in the City of Fort Wayne on or about December 5, 1966, contrary to the statutes of the State of Indiana.

C.   Officer Wiebke left the scene of a motor vehicle accident in which a motor vehicle driven by him was involved and in which property damage in excess of $50.00 was caused at the corner of Calhoun and Dunbar Streets in the City of Fort Wayne on or about 5:30 P.M. on December 5, 1966, contrary to the statutes of the State of Indiana.

COUNT II

Officer Max P. Wiebke is further charged with violation of Disciplinary Rule No. 39 of the Police Department of the City of Fort Wayne by moving his residence outside of the limits of said city and failing to give the Police Department notice of his new residence and phone number."

On December 14, 1966, the Board of Public Safety had the following proceedings:

"6.   Police Department

A.   Disciplinary Hearing of Officer Max P. Wiebke: A hearing was held on the disciplinary charges filed against Officer Max P. Wiebke by the Chief of the Police Department.   The Board, after consideration of the evidence, made the following finding:

Guilty of a violation of Disciplinary Rule No. 2 of the Fort Wayne Police Department in that Officer Wiebke

drove a motor vehicle while under the influence of intoxicants and in that Officer Wiebke left the scene of a motor vehicle accident in which he was involved. Guilty of a violation of Disciplinary Rule No. 39 of the Fort Wayne Police Department in that Officer Wiebke changed his place of residence and failed to give the Department notice of his new residence and phone number. It is the finding of the Board that Officer Max P. Wiebke be discharged from the Fort Wayne Police Department effective December 14, 1966 and such discharge is ordered."

At the hearing before the Board of Public Safety the Appellant was present in person. His rights as to a public hearing, to counsel, to subpoena witnesses and to testify were carefully explained to Appellant and he stated that he understood them. He was also given the opportunity to cross-examine the witnesses who testified at the hearing. At various points the transcript discloses that Appellant testified by interjection.

On January 13, 1967, Appellant filed his complaint for review in the Superior Court of Allen County, which alleged:

"1. Prior to December 14, 1966, he was an officer of the Police Department of the defendant City of Fort Wayne.

2. On or about December 7, 1966 certain disciplinary charges were made against him alleging that he had committed conduct unbecoming a police officer on or about December 5, 1966, and also that he had violated a rule of said Department as to his residence.

3. He was orally suspended from said Police Department, and after hearing, by the Board of Public Safety, was permanently dismissed from said Department by order of the Board entered on or about December 14, 1966.

4. Said Charges, the decision of the Board of Safety, and the action taken by it was erroneous and unlawful.

5. He is entitled to immediate reinstatement as a member in good standing of said Department."

The allegations of the complaint were denied and a transcript of the proceedings before the Board of Safety was filed with the trial court. An evidentiary hearing was held

and the trial court entered special findings of fact and conclusions of law as follows:

"1. On and prior to December 5, 1966, petitioner was a member in good standing of the Fort Wayne Police Department.

2. On December 5, 1966, petitioner was administratively suspended from the Fort Wayne Police Department by oral order.

3. That on December 7, 1966, the Petitioner was served with disciplinary charges preferred against him by Chester Ricketts, Chief of Police of the City of Fort Wayne.

4. That on December 7, 1966, the petitioner was served with a notice by Chester Ricketts, Chief of Police of the City of Fort Wayne, of a hearing to be held on disciplinary charges preferred against him before the Board of Public Safety of the City of Fort Wayne at 8:00 o'clock P.M., on December 7, 1966, in the offices of said Board.

5. That on December 7, 1966, the Board of Public Safety continued said hearing until December 14, 1966.

6. On December 14, 1966, a hearing was held before the Board of Public Safety pursuant to the notice and the continuance thereof previously granted; at which hearing the petitioner herein was present in person; at which hearing the petitioner herein was advised of his rights to be represented by counsel, (which he waived) and was further advised of his right to compel witnesses to attend such hearing to testify in his behalf, to examine the witnesses against him, and that he was not required to make any statement or answer any questions on his own behalf or to answer any question.

7. The charges filed December 7, 1966, charged petitioner in Count I with conduct "unbecoming an officer" in three particulars.

8. Said three particulars alleged (a) that petitioner appeared in public at 5:30 P.M., December 5, 1966, in an intoxicated condition; (b) drove a motor vehicle while intoxicated; (c) left the scene of a motor vehicle accident involving property damage in excess of $50.00.

9. That as a result of said hearing the Board of Public Safety of the City of Fort Wayne dismissed the petitioner from the Fort Wayne Police Department.

10. That petitioner filed his petition for review of the action of the Board of Public Safety on January 13, 1967.

11. The City of Fort Wayne, Indiana, by its Board of Public Safety has filed a transcript of the proceedings had before it in connection with the petitioner's case including a transcript of the hearing held on December 14, 1966.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this cause pursuant to the provisions of BISA Section 48-6105.

2. That the petitioner herein served with a copy of the disciplinary charges preferred against him and a written notice of a hearing to be held before the Board of Public Safety of the City of Fort Wayne on December 7, 1966, which said notice was served on him personally in conformity with the requirements of the Acts of 1905, Chapter 129, Paragraph 160, page 219; 1933, Chapter 86, Paragraph 1, page 557; 1935, Chapter 282, Paragraph 1, page 1395.

3. That said disciplinary charges preferred against the petitioner were full and complete and sufficient to advise him specifically of the violations of the disciplinary rules of the Police Department of the City of Fort Wayne with which he was charged.

4. That pursuant to the provision of the Acts of 1905, Chapter 129, Paragraph 160, page 219; 1933, Chapter 86, Paragraph 1, page 577; 1935, Chapter 282, Paragraph 1, page 1395, a hearing was held in the offices of the Board of Public Safety of the City of Fort Wayne, Indiana, on December 14, 1966, at which hearing testimony was taken under oath, from various witnesses, and at such hearing was duly advised of his rights.

5. That as a result of said hearing held on December 14, 1966, the petitioner was dismissed from the Police Department of the City of Fort Wayne.

6. That said action on the part of the Board of Public Safety is authorized by the provisions of the Acts of 1905, Chapter 129, Paragraph 160, page 219; 1933, Chapter 86, Paragraph 1, page 577; 1935, Chapter 282, Paragraph 1, page 1395.

7. That the law is with the Defendant, the City of Fort Wayne, and the action taken by its Board of Public Safety and is against the petitioner herein, Max P. Wiebke.

8. That the finding of the Board of Public Safety is substaniated by sufficient evidence.

9. That the finding and action of the Board of Public Safety is authorized and is regular in all respects and was neither arbitrary, capricious or unlawful."

Appellant's Motion for New Trial asserted that the decision was not sustained by sufficient evidence and was contrary to law. The full text of the supporting memorandum filed under old Rule 1-14B is:

"The record in this cause is completely devoid of any evidence that petitioner was convicted of the specifications with which he was charged by the Board of Safety of the City of Fort Wayne, and there is a variance in the charges and the proof in the record. With defects in the Notice, failure of proof, and charges the decision is contrary to prevailing Indiana Law including City of Washington v. Boger, 176 N. E. 2d 484 (1961); City of Fort Wayne v. Bishop, 92 N. E. 2d 544 (1950); State ex rel. Felthoff v. Richards, 180 N. E. 596 (1932); Tryon v. City of Terre Haute, 193 N. E. 2d 377 (1963) and the applicable statute, Burns Indiana Statutes Annotated Section 48-6105."

The Motion for New Trial was overruled which is the sole assignment of error here.

We must consider all factual inference in favor of the trial court's decision. The salient facts as shown by the transcript of testimony before the Board of Public Safety are: The Plaintiff-Appellant, Max Wiebke, after eight weeks of training, became a member of the Fort Wayne Police Department in October of 1966. Officer Wiebke was involved in an accident at Calhoun and Dunbar Streets on the evening of December 5, 1966. The accident occurred while Dennis R. Gumbert was driving south on Calhoun Street and slowed down to make a left turn into Edgeknoll. Gumbert looked into his rear view mirror and noticed a car with its bright lights on, approaching his car quite rapidly. Mr. Gumbert estimated the speed of the approaching vehicle at approximately 45-50 m.p.h. The car approaching Mr. Gumbert's vehicle was driven by Officer Wiebke. The vehicle driven by Officer Wiebke hit the vehicle driven by Gumbert and knocked

him further into the oncoming lane. Gumbert stopped and proceeded to pull over to the side when the vehicle driven by Officer Wiebke down-shifted and took off. Gumbert followed the vehicle driven by Officer Wiebke down Calhoun Street, right onto Tillman Road, and onto Fairfield Boulevard. When the car driven by Officer Wiebke reached Burns Avenue, the lights were turned off and the vehicle turned right onto Burns Avenue. The car driven by Officer Wiebke doubled back on Burns Avenue, and Mr. Gumbert crossed the island, stopping his car in front of the vehicle driven by Officer Wiebke. Mr. Gumbert took the license number of Mr. Wiebke's vehicle and called the police.

In *Zellers* v. *City of South Bend*, 221 Ind. 452, 48 N. E. 2d 816 (1943), our Supreme Court stated:

> "The Board of Public Works and Safety of a city in determining questions presented by charges against employees acts in a ministerial capacity and as a fact finding Board. [Citations omitted]

In *City of Elkhart* v. *Minser*, 1937, 211 Ind. 20, 25, 5 N. E. 2d 501, 503, this Court said: 'The Court will not undertake to control the discretion of such Boards in making orders in the administration of the affairs of the state, so long as the orders are not tainted with fraud, capriciousness, or illegality.' " 48 N. E. 2d 816 at 817.

In *City of Anderson* v. *Hadley*, 122 Ind. App. 8, 102 N. E. 2d 385 at 387, this court stated:

> "Where there is substantial evidence before the Board to sustain its action, the trial court may not substitute its judgment for that of the Board. *School City of Peru* v. *State ex rel. Youngblood, supra; Lloyd* v. *City of Gary*, 1938, 214 Ind. 700, 704, 17 N. E. 2d 836.

The rules announced by the Supreme Court in the aforementioned cases are binding on this Court.

While there is a conflict in the evidence heard by the Board in this case, there was substantial evidence to sustain its order discharging appellee. Therefore, the trial court erred in its order modifying the action of the Board."

Under the applicable statute, Burns' Indiana Statutes Annotated, § 48-6105, "Any decision of the Board shall be deemed prima facie correct, and the burden of proof shall be on the party appealing."

In his Briefs Appellant relies almost exclusively on *City of Washington* v. *Boger,* 132 Ind. App. 192, 176 N. E. 2d 484. In it a fireman was notified that charges against him alleging a violation of the rules of the Fire Department, i.e., charging him with conduct unbecoming an officer. There was no indication as to the exact particulars of the offense charged or the conduct supposedly constituted conduct unbecoming to an officer. With no further notice as to the misconduct a hearing was held without the presence of the fireman and the fireman was found guilty of conduct unbecoming an officer in that he wrongfully appropriated money from a cash box. On review the trial court held that such action by the Board of Public Works and Safety was arbitrary, capricious and illegal and directed reinstatement. On appeal this court affirmed. The main thrust of the opinion of the court in *Boger* was that the notice served on the fireman was insufficient to allow him to ascertain the charge or charges made against him.

It is readily apparent that the factual and procedural context of this case is far different than *Boger.* Here the charges are adequately specific. Here the charges were served and Appellant was present at the hearing. Here the trial court made special findings covering all the matters which were considered deficiencies in *Boger.*

Although not cited by either party the case of *Ely* v. *City of Montpelier,* 146 Ind. App. 175, 253 N. E. 2d 286 (1969), is squarely in point both as to the facts and law. The reasoning and result in *Ely* clearly discloses that this case should be affirmed.

We find no reversible error. The decision of the trial court should be and hereby is affirmed.

Hoffman, P.J. and White, J. concur.

Pfaff, J. not participating.

NOTE.—Reported in 263 N. E. 2d 379.