GEORGE J. BENJAMIN JR. *v.* CITY OF GARY, INDIANA.

[No. 1171A237. Filed April 19, 1972.]

*Robert Garrett,* of Gary, for appellant.

*Charles Ruckman,* Assistant City Attorney, of Gary, for appellee.

SHARP, J.—This is an appeal from an adverse decision against the Plaintiff-Appellant, George J. Benjamin, Jr., on his Petition for Reinstatement following dismissal from the Police Department of the Defendant-Appellee, City of Gary, Indiana.

Prior to October 28, 1968, Benjamin was employed as a policeman by the City of Gary, Indiana, and on that date was dismissed by order of the Gary Police Civil Service Commission.

On July 22, 1968, the Chief of Police of the City of Gary sent the following letter to the Police Civil Service Commission of Gary:

"TO: POLICE CIVIL SERVICE COMMISSION
FROM: James F. Hilton, Chief, Gary Police Department
Subject: Charges against George J. Benjamin Jr., Police Officer, City of Gary, Indiana.

Gentlemen:

I have, as of this date, suspended Officer George J. Benjamin Jr. from pay and duty as a Police Officer of the City of Gary, Indiana. I hereby charge Officer Benjamin as follows:

Charges

I    Violation of state, statutes, (sic) to-wit: breach of an officer's duty to detect and arrest offenders, per Acts 1905, ch. 129, Sec. 164, P. 219 and others;

II    Violation of Civil Service Commission Rules:
   2. Neglect of duty.
   3. Violation of police rules, as set forth *infra;*
   4. Neglect or disobedience or (sic) orders;
   5. Incapacity;
   6. Breach of discipline;

III   Violation of Police Rules:
   Disciplinary Rule 7—Incapacity or inefficiency in the service;
                    16—Making false official reports;
                    41—All property or money taken on suspicion of having been feleniesly (sic) obtained, or of being the proceeds of crime and all stolen or other property seized by members of the police force shall be deposited with the property clerk;

   General Rule 14—A policeman is required to arrest without a warrant any person whom he has reasonable ground to believe has committed a foleny, (sic) or is attempting to commit a folony (sic).

Specifications
   1. Failure to investigate a felony, to-wit, the purchase of dangerous on 4-9-68 by an informant;
   2. Failure to report a felony to superior officer from its commission on 4-9-68, *supra,* until 27 June 1968.
   3. Failure to inform a superior officer of an in- (sic)
   4. Failure to report the loss or disappearance of evidence (drugs) on 4-9-68 until 6-27-68 to a superior officer.
   5. Failure to report the miration of evidence, to-wit dangerous drugs, and their seizure by another law enforcement body, the Chicago Police, from the time or apprisal on or about 4-12-68, to a superior officer 6-27-68.
   6. Failure to report to a superior officer the operation and continuing nuisance of a vice operation deterimental (sic) to the health, welare (sic) and moral (sic) of the people of Gary, to-wit, sale of drugs

at the Christy restrurant (sic) (above this location) from 4-9-68 until 7-3-68.

Kindly cause a hearing on said charges to be set pursuant to law."

A copy of this letter was served on the Appellant and was received by him.

On October 23, 1968, the Police Civil Service Commission scheduled a hearing for October 31, 1968, and sent notice of the same to Appellant by certified mail which was received by him.

On the 21st of October, 1968, Benjamin filed a Petition for Dismissal of the charges alleging: "That the notice given the petitioner is defective in that it does not comply with Rule D-5 of the Rules of the Civil Service Commission wherein said Rule requires that a day for the trial before the Commission shall be named in the notice. That the failure of the Board to bring this matter to trial for a period of over three months is in violation of Rule D-5; which rule requires that 'trial of charges shall be conducted at the earliest possible date thereafter.' That there have been numerous meetings of the Commission since the date these charges were filed, i.e., July 22, 1968, and at none of them has the trial of the petitioner been set. That the delay has been prejudicial to the petitioner, has caused him great financial hardship, has prevented him from obtaining employment and has placed an unwarranted burden upon his family."

On the prescribed date of the hearing the Commission convened and Benjamin appeared in person and by counsel. At the hearing Benjamin filed another Motion to Dismiss and declined to take part in the hearing. The Commission proceeded with the hearing and called witnesses and took testimony.

On November 25, 1968, the Commission entered Findings of Facts and order discharging Benjamin from the Police Force. On November 29, 1968, Benjamin filed his appeal in

the Circuit Court alleging that the Commission had violated its own rules in dismissing him.

After a change of venue and other proceedings the trial court entered a judgment in favor of the Appellee, City of Gary, and against Benjamin from which a Motion to Correct Errors was filed and overruled resulting in this appeal.

The only issue presented for our review is whether or not the Police Civil Service Commission of the City of Gary complied with the statutory requirements in dismissing Benjamin from the Gary Police Force.

Rule D-1 of the Rules of the Police Civil Service Commission reads as follows:

"All charges shall be grounded upon facts which occurred not later than thirty (30) days prior to the *date of the filing of such charges* unless it is shown in connection with the *filing of the same* and recited therein that the fact or facts giving rise to the particular charge or charges was concealed and upon discovery thereof *the filing of the charges* was made within thirty (30) days thereafter." (Emphasis added)

Rule D-5 reads as follows:

*"Upon the filing of charges with the Commission or its secretary the person concerned shall be notified in writing as to the filing of the same and that such person shall stand for trial before the commission on a day to be named in the notice,* which notice shall be served upon the person or if said person cannot be found then at his last and usual place of residence, a like and further notice shall be placed upon the police bulletin board. Trial of charges shall be conducted at the earliest possible date thereafter and may be conducted at any regular meeting of the commission or special meeting of the commission called for the purpose of such trial. On the date set for trial no continuance shall be granted either to the City of Gary or person preferring the charges or to the accused, unless such a continuance is necessary to prevent injustice to the accused or other persons concerned with said trial. The record of the trial shall be kept and all evidence shall be recorded and preserved so that a transcript of all evidence, oral and documentary, may be made available as required by law on any

appeal from the finding or order of the commission." (Emphasis added)

The basic guidelines for judicial review in cases such as this have been set forth by our Supreme Court in *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N. E. 2d 703, which has been recently cited and relied upon by this court in *Wiebke* v. *City of Fort Wayne* (1970), 147 Ind. App. 678, 263 N. E. 2d 379 and *Bellam* v. *City of Fort Wayne* (1971), 149 Ind. App. 585, 274 N. E. 2d 274. See also, *City of New Albany* v. *Whiteman* (1968), 250 Ind. 333, 234 N. E. 2d 646 and *Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 17 N. E. 2d 836.

It would appear that the above cited rules were promulgated pursuant to Ind. Ann. Stat. § 48-6243 (Burns 1963), I.C. 1971, 19-1-21-3, and Ind. Ann. Stat. § 48-6245 (Burns 1963), I.C. 1971, 19-1-21-5 and under these rules essentially two things must occur: (1) Charges must be filed within thirty days of the alleged misconduct or within thirty days of knowledge by the City of such alleged misconduct. (2) The Commission must cause a "notice of charges and hearing" to be served on the defendant. In the case at bar it would appear that in substance both of the above requirements were met.

A part of the reality in this situation is that the charges are normally filed and prepared by the Police Chief and hearing is conducted by the Police Civil Service Commission. The Police Chief has no control over the hearing date which must be determined by the Commission. We do not agree with the Appellant that the above rules absolutely require that the "notice of hearing" be included in the "letter of charges" filed by the Police Chief. The notice issued by the Commission to the Appellant on October 23, 1968, substantially meets the above requirement.

We do not agree with the Appellant that the "notice of hearing and charges" must be served simultaneously with

the filing of charges with the Commission. On its face, Rule D-5 nowhere requires the immediate service of notice of hearing. The very fact that the rule requires the notice to obtain the date of hearing, makes it obvious that the notice cannot be sent until the business of the Commission is such as will permit a scheduling and allocation of time for the conduct of a hearing.

The case authority upon which the Appellant relies, which is one of two cases cited in his brief, is *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N. E. 2d 101. In *Coleman* there was a demotion and the defendant had never been charged with any misconduct nor was there any evidence introduced at the defendant's hearing showing any misconduct. Based upon those facts, the court in *Coleman* concluded the commission had violated its own rules which provided "that all demotions shall be wholly for cause" and that any person so demoted, shall be entitled to a hearing.

None of the improprieties present in *Coleman,* are even alleged in this case other than the Appellant's unsupported assertion that the Commission violated its own rules. Therefore, *Coleman* is not applicable.

We find that there has been substantial compliance here with Rule D-1 and Rule D-5 of the rules of the Civil Service Commission of the City of Gary, Indiana, and with the provisions of Ind. Ann. Stat. § 48-6105 (Burns 1963), I.C. 18-1-11-3. As provided in the rules and statute the Appellant was given an opportunity to assert his full statutory rights before the Commission and before the trial court. The Appellant has failed to convince this court that the trial court committed any error as a matter of law requiring the reversal of this case.

Therefore, the decision of the trial court should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported 281 N. E. 2d 109.