**Paul DRAKE, Appellant (Defendant Below),**

v.

**CITY OF GARY, Appellee (Plaintiff Below).**

No. 3–1182A304.

Court of Appeals of Indiana, Third District.

June 8, 1983.

Rehearing Denied July 26, 1983.

Christian J. Gielow, Merrillville, for appellant.

Linda Copeland Drake, First City Atty., Charles A. Ruckman, Corp. Counsel, Gary, for appellee.

HOFFMAN, Presiding Judge.

Appellant Paul Drake, a Gary police officer, was injured in a car accident while on duty May 15, 1978. Appellant remained off duty for ninety days from May 15, 1978 to August 15, 1978. On August 16, 1978, appellant was removed from the police department payroll, as he had exhausted his sick leave of ninety days.

The deputy chief of police sent appellant a letter dated August 15, 1978, notifying him that he was being removed from the payroll. On September 20, 1978, another letter was sent to appellant requesting medical verification of his condition. He was given seven days to comply. Appellant denies ever having received either letter.

On January 10, 1979 appellant was personally served, by a Gary police officer, with a letter informing him that formal charges were being filed against him. This letter again requested medical verification of his condition granting him seven days to comply. Appellant was charged with neglect of duty and being absent from roll call without leave in contravention of Rules 4 and 35 of Departmental Regulations. Some five months after receiving this notice, on May 3, 1979, appellant finally provided the deputy chief of police with a letter from Dr. Bonjean stating that appellant was totally disabled from December 1, 1978 to May 3, 1979. Other letters from physicians were supplied later.

On November 15, 1979, appellant returned to work for the Gary Police Department. Appellant continued to work for the police department until sometime in April 1980. On April 30, 1980, the Police Civil Service Commission had a hearing regarding the charges against appellant. The commission determined that the charges were justified and dismissed appellant from the police department. This decision was affirmed by the Newton Superior Court and this appeal results.

Several issues have been raised:
(1) whether the police department was barred from filing the charges against appellant by reason of the commission's thirty-day rule;
(2) whether the trial court overstepped its authority in finding appellant unfit for duty;
(3) whether appellant's due process rights pursuant to the United States Constitution and the Constitution of the State of Indiana were compromised; and
(4) whether the trial court's decision was contrary to law and unsupported by the evidence.

It must be noted initially that the appellee City of Gary provided a brief in support of a motion for dismissal or summary affirmance. However, a thorough check of the docket sheet and accompanying documents fails to disclose the existence of any such motion. Therefore, this Court shall proceed to discuss the issues raised by appellant.

■ Appellant's first argument centers on a rule promulgated by the Police Civil Service Commission. This rule, D–1, states: " 'All charges shall be grounded upon facts which occurred not later than thirty (30) days prior to the date of the filing of such charges ....' " *Record* at 103. Appellant then directs this Court to examine the language adopted by the commission and trial court as an expression of the facts upon which the charges against him are based. This statement, in relevant part, reads as follows: " 'Therefore, having exhausted your ninety (90) days sick leave, you were absent without leave (A.W.O.L.) August 16, 1978 to present.' " *Record* at 101.

It is appellant's contention that any charges based upon his absence from work must have been filed within thirty days following August 16, 1978, in order to be valid. Appellant cites no authority which supports this specific argument.[1] Instead appellant relies upon case law establishing the principle that administrative agencies are bound to follow their duly adopted rules.

To determine this issue we must examine the nature of appellant's conduct giving rise to the charges against him. Appellant is charged with being absent from roll call without leave. The facts clearly indicate that appellant failed to present himself for roll call from August 16, 1978 to November 15, 1979. Each day appellant failed to present himself for roll call a set of facts existed which support the charges against him. Thus, since the charges were filed against appellant on January 10, 1979 in the midst of a fifteen-month absence, the commission's thirty-day rule was satisfied.

---

1. Appellant's counsel is reminded that Ind. Rules of Procedure, Appellate Rule 15(A)(3) states that unpublished memorandum decisions shall not be regarded as precedent or cited as authority except in limited cases not applicable in the case at bar.

■ Appellant next attacks the trial court's finding that he was unfit for duty. First, appellant directs our attention to the applicable rule promulgated by the commission which states: " 'Dismissal shall be ordered in such cases after proof and finding of guilty on charges and where the commission shall believe the officer unfit to serve on the police department.' " Rule D–1–(2) of the Police Civil Service Commission. *Record* at 105. It is appellant's contention that this rule requires that the commission find an officer both guity as charged *and* unfit for duty before he may be dismissed from the police force. This construction works a grave injustice to the English language.

The rule is composed of two independent clauses joined in the conjunctive by the word and. The first clause of the rule mandates that the commission must enter findings that the officer was proved guilty as charged. In addition before he can be dismissed the commission must believe the officer is unfit for duty.

The differing language of each clause must be noted. While the first clause requires a finding, the second requires only a belief on the part of the commission. This belief must relate to the officer's present fitness for duty but may be grounded on his past acts which resulted in the charges against him. Though the commission is not required to find an officer unfit for duty, it will be presumed that it reached such a conclusion when an officer is dismissed and there is no evidence to the contrary. *Cf.: State v. King* (1980), Ind.App., 413 N.E.2d 1016; *American Optical Co. v. Weidenhamer* (1980), Ind.App., 404 N.E.2d 606.

Thus, the trial court's entry of a finding that appellant was unfit for duty is merely an attempt to establish a complete record displaying the process which led to appellant's dismissal.

■ Next, appellant alleges his due process rights have been violated. Appellant cites Ind.Code § 19–1–21–14 (Burns Code Ed.) which requires that each officer receive a copy of the rules and regulations for his department. It is appellant's contention that since he never received a copy of the rules it is a violation of his due process rights to prosecute him for failing to conform his conduct to those rules.

It seems axiomatic that whether an employee is told or not, he should realize as a matter of common sense that his presence at work during working hours is required. Further, if the employee must be absent from work for some reason, it would also seem to be a matter of common sense, and in the best interests of the employee, that he notify his employer of the reason for his absence. Appellant is not charged with violating some obscure departmental regulation. Quite the contrary, he is charged with being absent from work without leave.

Appellant was absent from roll call without leave for approximately fifteen months. During this time his employer informed him that he was being dropped from the payroll and attempted to ascertain the reason for his absence. Assuming arguendo that appellant did not receive this notice and the requests for medical verification of his condition, he should have wondered why he was no longer receiving a payroll check and attempted to determine the status of his employment. This he did not do. Even after he was informed in person on January 10, 1979, of the charges against him, it took better than three months for him to notify his employer of his medical condition.

The record clearly indicates that appellant was or should have been aware of his employment situation. Appellant received much more than timely notice of the proceedings and still made no effort to protect his employment. He was a party to an impartial hearing that was decided against him. There is no evidence that appellant's due process rights were violated.

■ The final issue addressed by the Court is appellant's contention that the trial court's decision is contrary to law and unsupported by the evidence. Judicial review of administrative decisions is limited. This Court need only determine that the board adhered to proper legal procedures and did not violate any statutory or constitutional

provisions. So long as the board's findings were supported by substantial evidence, they will be upheld. *City of Gary v. Gause* (1974), 162 Ind.App. 97, 317 N.E.2d 887; *City of Anderson v. Hadley* (1951), 122 Ind. App. 8, 102 N.E.2d 385.

As stated throughout this decision no statutory or constitutional provision was contravened by the commission in reaching its decision. Further, there is no need to discuss the sufficiency of the facts as they were discussed through the opinion. The findings of the commission are supported by substantial facts. Therefore, the decision of the Police Civil Service Commission in this matter is affirmed.

Affirmed.

STATON and GARRARD, JJ., concur.