Larry J. RYNERSON, Appellant–
Petitioner,

v.

CITY OF FRANKLIN, Indiana,
Appellee–Respondent.

No. 41A05–9412–CV–488.

Court of Appeals of Indiana.

Sept. 12, 1995.

John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Richard S. Ewing and John D. Waller, Stewart & Irwin, Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Larry J. Rynerson appeals from the entry of summary judgment in favor of the City of Franklin, Indiana. We restate the dispositive issue as whether due process permits a city attorney for a third class city to temporarily resign from a Board of Public Works and Safety in order to serve as an advocate in a city police officer's disciplinary proceeding before the Board.

## FACTS

Rynerson was a patrolman with the Franklin Police Department. On May 10, 1990, the Board of Public Works and Safety of the City of Franklin ("Safety Board") conducted a hearing on disciplinary charges brought against Rynerson by Franklin Police Chief William McCarty.

The Safety Board was comprised of three members: Mayor Eddy M. Teets, Loren Wilham, and city attorney James Acher. Acher temporarily stepped down from his position on the Safety Board for the purpose of representing Chief McCarty at the hearing. The voting members of the Safety Board, Mayor Teets and Wilham, found Rynerson guilty of five counts of neglect of duty and three counts of conduct unbecoming an officer. The Safety Board dismissed Rynerson from the police department.

## DISCUSSION

■ This appeal follows the trial court's review of the administrative decision of the Safety Board. "A decision of the Safety Board is considered prima facie correct, and the burden of proof is on the party appealing." Ind.Code 36–8–3–4(h). Administrative decisions are reviewed "for jurisdiction, compliance with proper legal procedures, compliance with substantive law, and a basis in substantial evidence." *Adkins v. City of Tell City* (1993), Ind.App., 625 N.E.2d 1298, 1302; *Phegley v. Indiana Dep't of Highways* (1990), Ind.App., 564 N.E.2d 291, 293–94, *trans. denied.*

This Court need only determine that the board adhered to proper legal procedures and did not violate any statutory or constitutional provisions. So long as the board's findings were supported by substantial evidence, they will be upheld.

*Drake v. City of Gary* (1983), Ind.App., 449 N.E.2d 624, 627–28.

Rynerson argues that he was denied procedural due process because city attorney Acher, a Safety Board member, represented Chief McCarty in the allegations against Rynerson. Indiana Code 36–8–3–4 governs the procedures for the discipline, demotion and dismissal of police officers and fire fighters, and states in relevant part:

> If the corporation counsel or city attorney is a member of the safety board of a city, the counsel or attorney may not participate as a safety board member in a disciplinary hearing concerning a member of either department.

I.C. 36–8–3–4(c). The record reflects that city attorney Acher and the Safety Board strictly adhered to a procedure through which Acher temporarily resigned from, and did not participate as a member of, the Safety Board during every matter that came before the Safety Board concerning the allegations against Rynerson. During the disciplinary hearing, Acher acted solely as an advocate and played no part in the decision-making process of the Safety Board. The ultimate decision to dismiss Rynerson was reached by the remaining two Safety Board members.

In essence, Rynerson argues that it was a prima facie due process violation for Acher to prosecute an action before a Board upon which he normally serves as a voting member and to which he would return once the disciplinary proceeding was concluded. Rynerson posits that the Safety Board must afford him the greatest degree of procedural safeguards reasonable under the circumstances, and concludes that such prohibits the city attorney from prosecuting a disciplinary action before his fellow Safety Board members. We agree.

Indiana courts have discussed the due process limits placed upon city attorneys who serve on local safety boards in a series of cases that primarily deal with situations in which the city attorneys serve as both prosecutors and decision-makers in disciplinary proceedings. We have consistently held that due process forbids city attorneys from serving dual capacities as advocates and decision-makers in proceedings before safety boards. *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65, 69–70, *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240, 244, and *City of Hammond v. State ex rel. Jefferson* (1980), Ind.App., 411 N.E.2d 152, 153. However, the question of whether a city attorney who appears as an

advocate in disciplinary proceedings before a safety board upon which he also serves as a member violates due process is a question of first impression in Indiana.

We discussed a related matter in the case of *Connell v. City of Logansport* (1979), Ind. App., 397 N.E.2d 1058, 1061–62. Therein, a city attorney temporarily resigned from a safety board in order to serve as an advocate in a disciplinary proceeding before the board, while a resident freeholder took his place on the board. The petitioner argued that this procedure created an improperly constituted board as required by statute. We held that this procedure resulted in a properly constituted board under the statutes, and in a cursory statement noted that such was in accord with the *Stewart* decision. *Id.* The *Connell* case did not raise the issue of whether due process prohibits a city attorney from prosecuting an action before his fellow safety board members. Today for the first time that question is squarely before us.

Our Supreme Court first discussed what due process requires in a disciplinary hearing before local safety boards in *Stewart.* The *Stewart* Court recognized that the purpose of a disciplinary hearing is to protect the accused employee, and that therefore a formal procedure is required. 310 N.E.2d at 68. On this point the Court opined:

> We acknowledge that the proceedings before administrative bodies are not required to be conducted with all of the procedural safeguards afforded by judicial proceedings, even when such proceedings are judicial in nature. We accept a lower standard in proceedings before quasi-judicial bodies because it would be unworkable to do otherwise. *There are, nevertheless, standards below which we should not go. These standards, logically, should be at the highest level that is workable under the circumstances.*

*Id.* (emphasis added). The Supreme Court concluded that, due to the great deference we must afford the Safety Board's factual determinations, it is imperative that a "strict test of impartiality" be applied to the fact finding hearing before the Safety Board. *Id.* at 69. "[T]he fact finding process should be

free of suspicion or appearance of impropriety." *Id.*

■ The City of Franklin is a third class city. *See* I.C. 36–4–1–1. Under Indiana law, the city attorney of a third class city is the head of the department of law for the city. I.C. 36–4–9–11(b). As such, the city attorney must "commence all proceedings necessary and advisable for the protection or enforcement of the rights of the city or the public." I.C. 36–4–9–12(7). It is the city attorney's responsibility to represent the city, its chief of police and fire chief in the prosecution of disciplinary proceedings against police officers and fire fighters. *See Stewart*, 310 N.E.2d at 69.

■ The hearings before the Safety Board are in essence trials. *Id.* "They are adversary proceedings, and the city attorney is the advocate for the interests opposing the employee under the charges." *Id.* It is undisputed that Rynerson has an important property interest in his continued employment as a patrolman with the City of Franklin Police Department that is protected by the due process provisions of both the Indiana and federal constitutions. *See Stewart*, 310 N.E.2d at 68; *State ex rel. Felthoff v. Richards* (1932), 203 Ind. 637, 180 N.E. 596, 598. We are persuaded by Rynerson's position that due process safeguards prohibit an adjudicatory proceeding in which the decision-maker shares an alliance with the prosecutor where such a conflict could easily be avoided. *"The matter comes down to the question of the procedure's integrity and fundamental fairness." Stewart*, 310 N.E.2d at 70 (citing *Richardson v. Perales* (1971), 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842) (emphasis by *Stewart* court).

In third class cities, the city attorney is appointed by the city executive. I.C. 36–4–9–8(b)(2). And, "[t]he members of the board of public works and safety are the city executive and two (2) persons appointed by the executive." I.C. 36–4–9–8(c). Under this statute, Mayor Teets appointed Mr. Acher as both city attorney and member of the Safety Board, and that dual appointment ultimately resulted in the impropriety at issue in this appeal. It is consistent that, should the mayor not have named the city attorney to the

Safety Board, the city attorney could freely serve as an advocate before the Safety Board without fear of creating the appearance of impropriety.

 As is typical in disciplinary proceedings, Rynerson's case turned upon the credibility and persuasiveness of the evidence offered by the prosecution balanced against his own testimony and rebuttal evidence. Mr. Acher was a colleague of the Safety Board and had been appointed to that post by the mayor, who was also a Safety Board member. Further, Mr. Acher planned to return to the Safety Board at the conclusion of the disciplinary proceeding and continue working with Mayor Teets and Wilham. A reasonable person could easily perceive that the Safety Board may give more credence to the arguments of Mr. Acher. This arrangement is fundamentally unfair. Where such unfairness is present, due process is violated.

Further, it is important that the Safety Board perform its functions without creating an appearance of impropriety. *"Any tribunal permitted by law to try cases and controversies must not only be unbiased but must avoid even the appearance of bias." Id.* 310 N.E.2d at 70 (citing *Commonwealth Coatings Corp. v. Continental Casualty* (1968), 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301) (emphasis by *Stewart* court). The City of Franklin could easily afford its employees due process safeguards and avoid the appearance of impropriety in hearings before the Safety Board while still carrying out its functions in much the same manner by avoiding an appointment which has an inherent conflict.

Precluding the city attorney from serving on the Safety Board imposes no hindrance upon the work of the Safety Board. Mr. Acher's seat on the Safety Board may be filled by another person appointed by the mayor who is not affiliated with the city attorney's office. The city attorney may still give legal advice to the Safety Board, draft papers for the Board, and perform all other related actions delegated to the office of city attorney. *See* I.C. 36–4–9–12. The law does not require that Mr. Acher serve as a member of the Safety Board, and allows him to counsel the Safety Board in his capacity as city attorney. Greater procedural safeguards that would remove the appearance of impropriety from Safety Board disciplinary proceedings are workable under the circumstances, and due process requires that they be employed.

### CONCLUSION

A procedure through which a city attorney who serves as an appointed member of the city's Board of Public Works and Safety temporarily resigns from the Board in order to prosecute a disciplinary action before that Board is fundamentally unfair.

REVERSED.

NAJAM and RUCKER, JJ., concur.